NATHAN G. LYMAN vs. LABAN S. BOND & another.

Worcester. Oct. 7, 8, 1880. — Feb. 2, 1881. COLT & MORTON, JJ., absent.

An assignment was made for the benefit of creditors under the Gen. Sts. of New Hampshire of 1867, c. 126, while the Bankrupt Act of the United States of 1867 was in force, and a creditor proved his claim and received a dividend thereon. *Held*, that, if the effect of the statute of New Hampshire was to bar an action upon the claim, it was an insolvent law, the operation of which was suspended by the Bankrupt Act.

CONTRACT against Laban S. Bond and John N. Grout upon a joint and several promissory note for $1000, dated May 13, 1873, payable on demand to the order of the plaintiff, and signed by the defendants. Grout alone defended. The case was submitted to the Superior Court, and, after judgment for the defendant, to this court on appeal, on an agreed statement of facts, in substance as follows:

On May 13, 1873, the defendants owed the plaintiff $1000, and gave him the note in suit therefor.

During the year 1876, and for five months afterwards, the defendant Grout and the plaintiff resided in New Hampshire, and during that period, namely, on November 6, 1876, Grout made an assignment for the benefit of his creditors under the Gen. Sts. of 1867, c. 126.* The proceedings in the matter of the assignment were in due form.

Lawful notice of the assignment was given to the creditors, and the plaintiff expressed no dissent thereto, as it is provided

---

* Section 1 of this act provides that "Every assignment made by any debtor for the benefit of creditors shall provide for a proportional distribution of all his real and personal estate, except what is exempt from attachment, among all his creditors, and, however made or expressed, shall be construed to pass all such estate."

Section 3 provides that "The assent of the creditors to such assignment shall be presumed, unless their dissent is made known to the assignee within thirty days after public notice given of the assignment; and the actions of such assenting creditors shall be discontinued, and their costs form part of their claim against the estate of the debtor, while those dissenting take no benefit under the assignment."

The subsequent sections provide for the filing by the assignee, in the office of the register of probate of the county where the debtor resides, of

by § 3 of said chapter that he may do. The assignment was for the benefit of all the creditors of Grout, and most of them signed an agreement, dated November 6, 1876, reciting that, in consideration of the assignment by Grout, on the day last named, to Charles Mason, of all Grout's "real estate and personal property, excepting what is exempt by law from attachment on mesne process or levy on execution, in trust to convert the same into money and divide the surplus, after deducting the costs incurred in transacting the business and paying the said Charles Mason a reasonable compensation for his services, among his creditors, in equal proportions according to their respective claims, we, the creditors of the said John N. Grout, whose names are hereto annexed, do agree to said assignment, and that this instrument shall be a release in full to him, the said John N. Grout, of all our claims against him, whenever our just and equal proportions of the proceeds of his property shall be paid to us."

The plaintiff did not sign this agreement, but proved his claim in court under the law above referred to, and received his dividend or *pro rata* share of Grout's estate from the assignee.

If the plaintiff was entitled to recover, judgment was to be entered for $1080.86 with interest from April 3, 1878; otherwise, judgment for the defendant.

*H. O. Smith*, for the plaintiff, cited *Sturges* v. *Crowninshield*, 4 Wheat. 122, 196; *Ogden* v. *Saunders*, 12 Wheat. 213; *Chamberlain* v. *Perkins*, 51 N. H. 336; *Klein's case*, 1 How. 277; *Judd* v. *Ives*, 4 Met. 401; *Griswold* v. *Pratt*, 9 Met. 16; *Day* v. *Bardwell*, 97 Mass. 246.

*W. S. B. Hopkins*, for the defendant Grout. 1. The plaintiff must be held to have assented to the assignment, inasmuch as he did not dissent within the time required by the Gen. Sts.

---

a copy of the assignment, a schedule of the property, a list of the creditors and the amount of their claims; that the assignee shall give a bond to the judge of probate, and shall give notice of his appointment; that every creditor shall file in the probate office a statement of his claim within six months after the assignment; that disputed claims shall be passed upon by the judge of probate, with the right of appeal by the person aggrieved to the Supreme Court; and that, upon settlement of the account of the assignee, the judge of probate shall order the balance in the assignee's hands to be distributed among the creditors in proportion to their debts.

of New Hampshire, c. 126, § 3, and because he voluntarily became a party to the proceeding, by proving his claim in court and receiving his dividend.

2. The statute under which the assignment was made is not an insolvent law, and was not superseded by the Bankrupt Act of the United States.   Under it the court does not take possession of the debtor's estate to distribute it among his creditors; it does not appoint an assignee, nor cause the creditors to choose one; it makes no assignment and grants no discharge.   No creditor is bound against his consent.   The statute merely provides that, if a debtor chooses to give up his property to his creditors, under such superintendence of a court that it may become a matter of record, a creditor who is not willing to be bound shall express his dissent.   *Sedgwick* v. *Place*, 1 Bankr. Reg. 673. *Hawkins's Appeal*, 34 Conn. 548.

GRAY, C. J.   The plaintiff is not barred of his action by any agreement of his own; because he has made no agreement to that effect.   He is not barred by the proceedings under the statute of New Hampshire; because if such would be the effect of proceedings under that statute (which we need not decide) it is an insolvent law, the operation of which was suspended during the existence of the Bankrupt Act of the United States.

*Judgment for the plaintiff*